UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:16-CR-49-GFVT-HAI |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| TIMOTHY LAWSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 27, 2017, the Court conducted a competency hearing in this matter, per 18 U.S.C. § 4241 and 4247(d).[1]  D.E. 41.  The hearing followed a motion for a competency evaluation filed by Defendant's attorney on February 7, 2017.  D.E. 19.  The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal.  D.E. 25, 26.  The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b).  D.E. 29.

The Court ordered the examination to be performed at the Federal Medical Center in Lexington, Kentucky.  D.E. 29.  All parties had access to the Psychiatric Report ("the Report") issued by Dr. Allyson N. Wood, Psy.D.[2]  D.E. 37.  In the Report, Dr. Wood opined that Defendant is competent for trial purposes.  *Id*. at 9.  After receipt of the Report, the Court set a hearing (D.E. 36), and the parties appeared with counsel (D.E. 41).  During that hearing, the

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

[2] Defendant also filed notice of an insanity defense.  D.E. 27.  Dr. Wood issued a separate report concerning Defendant's sanity at the time of the offense.  D.E. 37-1.

1

parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof and argument in opposition, and waived the right to examine or cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[3] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that

---

[3] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Wood. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Wood directly observed Defendant via interviews and subjected him to a battery of psychological testing. Dr. Wood spoke with the prosecutor and defense counsel. The evaluator also secured and reviewed some legal documents and medical records, including medical records from Baptist Hospital in Corbin from 2009 to 2015, from Hazzard Regional Medical Center from 2010 to 2014, and BOP medical records. D.E. 37 at 2.[4]

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition, as well as an extensive Report of Defendant's medical history. Notably:

    (1)    The Report indicates Defendant understood the purpose of the evaluation and agreed to cooperate. D.E. 37 at 1.

    (2)    Although he was irritable at times and unconvincingly claimed to be illiterate, Defendant was generally cooperative with the evaluation procedures. *Id.* at 4-5.

    (3)    Defendant was diagnosed with the following conditions: Sedative Use Disorder, Severe, in a Controlled Environment; Opioid Use Disorder, Severe, in a Controlled Environment; and Stimulant (Amphetamine) Use Disorder, Severe, in a Controlled Environment. *Id.* at 7.

    (4)    When Defendant was interviewed regarding his understanding of courtroom proceedings, the nature of the charges against him, and his ability to establish

---

[4] Page number references will be to the page numbers generated by the author of the Report, not the ECF numbers.

3

and maintain a working relationship with an attorney, he exhibited no significant mental health difficulties that impacted his ability to proceed in this case. *Id*. at 8-9.

(5) The Report summarizes that Defendant "was able to exhibit and demonstrate sufficient knowledge and understanding of the charges against him. Further, he demonstrated adequate present ability and capacity to consult with his attorney." *Id*. at 9.

(6) The Report recommended that he be found competent to stand trial. *Id*.

Thus, Dr. Wood accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. Dr. Wood elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. D.E. 37 at 8-9. She also positively endorsed Defendant's ability to assist counsel in preparing his defense. *Id*. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Hon. David Hoskins, who had initially requested the competency evaluation (*see* D.E. 19). Mr. Hoskins stated that, after receiving the Report, he reviewed his own copies of Defendant's medical records and found no material sufficient to dispute the Report's findings. Mr. Hoskins wanted the record to reflect his client's displeasure at having to spend most of the evaluation period in FMC Lexington's Special Housing Unit, where, as the Report notes, the atmosphere for conducting evaluation and testing was not ideal. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a

preponderance of the evidence.  The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in him own defense.  Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The parties stated that, once the Court made a finding of competency, they would need approximately sixty days to prepare for trial.  Therefore, the undersigned also **RECOMMENDS** that the Court set a new trial date upon ruling on this Recommended Disposition.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge.  Any objection must be filed within 14 days of the entry of this order.  Failure to object per Rule 59(b) waives a party's right to review.  Upon expiration of that 14-day period, this matter will be referred to Judge Van Tatenhove for his consideration.

This the 30th day of June, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge