UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 6:16-cr-49-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| TIMOTHY LAWSON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 42.] The Report and Recommendation addresses the issue of whether Defendant Timothy Lawson is competent to face trial pursuant to 18 U.S.C. §§ 4241 and 4247(d).

After reviewing the report of the Defendant's psychiatric evaluation by Dr. Allyson N. Wood, Psy.D., and conducting a competency hearing, Magistrate Judge Ingram concluded that "per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense." [*Id.* at 5.] Defense Counsel stipulated to the admission of the report and also to the findings contained therein. [*Id.* at 3.] The Magistrate Judge found that Defendant Lawson "is competent to face further proceedings, to include trial, in this matter." [*Id.* at 5.] Judge Ingram's Report advises the parties that, pursuant to Federal Rule of Criminal Procedure 59(b), any objections must be filed within fourteen (14) days of service. [*Id.*] The time to file objections has passed, and neither party has objected nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v.Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge also reports that the parties need sixty days to prepare for trial. [R. 42 at 5.] Upon review of the record, and pursuant to 18 U.S.C. § 3161(h)(7)(A)-(B), the Court finds that, as a result of the procedural posture of this case, the failure to grant the requested time necessary to prepare for trial would make it very difficult for the parties to proceed, and it would be "unreasonable" for the Court to expect the parties to be prepared for trial. *See id*. To hold otherwise would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*.; *see also Zedner v. United States*, 547 U.S. 489 (2006). Further, the Court specifically holds that this continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *See* 18 U.S.C. § 3161(h)(7)(C).

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 42**] is **ADOPTED** as the opinion of this Court; and

2.  The Court **FINDS** that Lawson is competent to face further proceedings in this matter including trial proceedings; and

3.  Defendant Timothy Lawson's Jury Trial is hereby scheduled for **Tuesday, September 19, 2017,** at the hour of **10:00 a.m.** at the United States Courthouse in **London,** Kentucky; and

4.  The pretrial deadlines set forth in the Court's Standing Pretrial and Trial Management Order shall be relative to this new trial date; and

5.  In the event a plea agreement is reached in this matter, any motion for rearraignment shall be filed **no later than (14) days** prior to the trial date. Further, if the parties execute a written plea agreement, the United States of America is directed to provide a courtesy copy to the undersigned's Chambers at *GFVT_chambers@kyed.uscourts.gov* **no later than two (2) days** before the scheduled rearraignment; and

6.  The time between June 30, 2017, and September 19, 2017, is **DECLARED** excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(A). For the reasons set forth herein, the Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial.

This the 4th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge